E. G. Marmiche v. F. Roumieu.

Defendant was in possession of plaintiff's house under a lease, and when the lease was about to ex-
pire, defendant refused to renew it on the terms proposed by plaintiff. Defendant continued to
occupy and was notified by plaintiff that he considered the annual lease renewed, to which defen-
dant responded that he would leave the premises at the end of the month, and continued to notify
plaintiff from month to month that he would leave. *Held:* There was no contract, and the rela-
tion of lessor and lessee can only be created by contract; and that defendant was only liable for
the rent of the house during the period it was actually occupied by him.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Eyma*, for plaintiff. *Filleul*, for defendant and appellant.

Lea, J. The facts of this case are correctly stated by the District Judge.
"The plaintiff claims $1,500 for the rent of a store, to be paid monthly, on the
ground that the defendant rented the store from him by the year. The de-
fendant claims that he is merely a monthly tenant, and denies any liability for
rent except when in the premises. The facts show that the defendant first
occupied the house under a written lease, that when the lease was about to
expire, plaintiff asked defendant if he would continue for another year. The
defendant was desirous of doing so, but under different conditions, to which
the plaintiff refused to accede. The defendant continued to occupy the premi-
ses, and was notified by the plaintiff that he considered the lease renewed.
To this defendant replied that he would leave the premises at the end of the
month. He continued in the premises and notified plaintiff from month to
month that he would leave." To this statement we may add that both before
and after the expiration of the written lease, the defendant positively refused
to accede to the terms proposed by the lessor, who, in his turn, insisted upon
his original proposition, and would consent to no other. Under these circum-
stances it is clear that there was no contract and the relation of lessor and
lessee cannot be created otherwise than by a contract. If the defendant was
a trespasser, which is not pretended, the plaintiff had his remedy by the summary
process for expelling a tenant, together with his claim for damages, if any were
sustained; but this is a suit upon an alleged contract, to which the defendant not
only never agreed, but against which he always protested. The tacit reconduc-
tion of the lease of property not predial does not extend beyond one month,
which will be presumed to be continued from month to month, unless termina-
ted by one of the parties, in accordance with the provisions of Article 2656 of
the Civil Code. See *Geheebe, et als* v. *Stanby*, 1st Annual, p. 17, also *Bowles*
v. *Lyon*, 6th Rob. 264.

This suit was brought before the expiration of the first month, no exception
was taken to the prematurity of the suit, and the evidence shows that the
defendant continued to occupy the premises belonging to the plaintiff up to the
month of April inclusive. The defendant is, therefore, bound for six months
rent, say 750 dollars.

It is, therefore, ordered that the judgment appealed from be reversed, and
proceeding to render such judgment as in our opinion should have been ren-
dered: It is ordered that the plaintiff, *E. G. Marmiche*, do have and recover
of the defendant, *F. Roumieu*, the sum of ($750) seven hundred and fifty
dollars and costs of suit in the District Court, for the rent of his store up to

MARMICHE
v.
ROUMIEU.

the 1st day of May, 1855, without prejudice to the plaintiff's rights, if any he have, to sue for and recover such damages as he may have sustained by a failure to rent his store for the residue of the year ending 31st October, 1855, in consequence of the alleged occupation of the same by the defendant without his consent.

It is further ordered that the plaintiff and appellee pay the· costs of this appeal.