MARIE U. PAQUETEL, Wife of F. S. GAVOT, *v.* JOHN GAUCHE.

If a new trial be prayed for on account of the misconduct of the adverse party, or other causes, the
party must accompany his motion by an affidavit of the facts he relies upon.
A lessee cannot dispute the title of his lessor.
Where there is no special agreement as to the extent of the lease, it is presumed to be monthly.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
L. *Castera* for plaintiff.   G. *Schmidt* for defendant and appellant.

ILSLEY, J.   This suit was instituted by the plaintiff to recover the pos-
session of, and to eject from the leased premises the defendant, who, it is
alleged, illegally detains them.   The defendant plead the general issue,
and specially averred that he never was the monthly tenant of the plain-
tiff, having leased the premises on the 12th January, 1856, from Mr. Pierre
Soulé, for the period of two years, from the 15th of October of that year,
with the privilege of extending it for five years ; of which privilege the
defendant has availed himself, and by virtue of which he occupied the
premises until the expiration of his aforesaid lease.

Judgment was rendered in favor of the plaintiff, and the defendant,
after attempting to obtain a new trial, has appealed.

On the trial of the rule for a new trial, exceptions were filed, on two
grounds : . 1. Because the evidence upon which said judgment was ren-
dered is insufficient, and does not authorize such judgment ; and, 2. Be-
cause this suit was instituted by direction of A. Robert, Esq., without
any legal and sufficient authority.   The defendant offered to prove by *A.
Pitot, Esq.*, plaintiff's attorney, that he had been employed to bring this
suit, and had brought it by direction of A. Robert, as agent of the plaintiff,
from whom plaintiff Pitot had received no instructions to bring said
suit.

The defendant also offered to introduce the power of attorney, by
virtue of which, Mr. Robert assumed the authority to order the institu-
tion of this suit, for the purpose of showing that said Robert was not
authorized to institute the same.   This testimony was objected to because
there was no affidavit showing that the facts defendant wanted to prove
had been discovered since the trial, and that it was too late to offer said
testimony ; and the objection being sustained by the court, a bill of ex-
ceptions was taken by the defendant.   We think the judge did not err.
C. P. 561.

No evidence whatever has been adduced by the defendant to sustain
his defense, whilst the plaintiff proves that the defendant has paid rents
for the property to her agent ; and as he has been in the undisturbed

PAQUETEL
v.
GAUCHE.
possession of the premises as her tenant, he cannot dispute the title thereto. *Tippett* v. *Icte*, 10 L. 362.

In the absence of any special agreement as to the extent of the lease, it must be presumed to have been a monthly one. C. C. 2655. And due notice having been given him by the lessor to terminate it, in accordance with Article 2656 C. C., by A. Robert, whose testimony on this point it not objected to, the judgment of the lower court must be affirmed.

Wherefore, it is ordered, adjudged and decreed, that the judgment of the lower court be affirmed, and that the appellant pay the costs of appeal.

HYMAN, C. J., absent.