## No. 3126.—ELIZA C. JOHNSON *v.* J. F. TACNEAU.

Horses, mules, and other work animals, together with farming implements used on a plantation in making the crop and belonging to the lessee stand as a pledge to the lessor for the payment of the rent. The pledge thus given and accorded to the lessor on the team, implements, etc., used in making the crop need not be recorded to give it effect. A different rule however, governs with regard to the privilege on the crop for advances made, and supplies furnished to make it. In the latter case, if the lessor make advances and desires to preserve his privilege on the crop and other property on the place, he must have the lease recorded, as required by law.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Posey, J. Barrow & Pope,* for plaintiff and appellee. *Andrew S. Herron* and *Albert Voorhies,* for intervenor, appellant.

LUDELING, C. J. Mrs. Johnson leased her plantation to J. F. Tacneau, during the year 1867, for twenty-seven hundred and fifty dollars. She also undertook to advance a certain sum of money for supplies. for the plantation. At the expiration of the lease, the rent not having been paid, Mrs Johnson had twenty-one mules and a lot of farming implements (which had been employed in the cultivation of the place), provisionally seized to secure the payment of the rent. Charles Faurie, Jr., intervened, and claimed to be the owner of the mules, and prayed for damages done him by the seizure of his property.

In answer to this intervention, Mrs. Johnson averred that Faurie was a partner of Tacneau, the defendant, in the planting operation, and that as such he was bound jointly for the rent, and she prayed for judgment accordingly.

It appears from the record, that Tacneau induced Faurie to purchase the mules and implements which were on the leased premises, in order to enable him to cultivate the plantation, and he agreed to give Faurie one-half of the net proceeds of the crop raised on the place for the use of the mules and utensils. Faurie contends that this was a contract of lease, while Mrs. Johnson insists it was a contract of partnership.

It is immaterial in this suit what may be the character of the contract as between the parties to it; for, if it be a lease, the property having been used to cultivate the plantation and having been seized on the place, is subject to the lessor's privilege and pledge. 21 An. 553; 20 An. 266. If it be a partnership contract, the plaintiff did not

lease to the partnership, but to Tacneau individually. 22 An. 268. It seems, therefore, only necessary to determine whether or not the lessor had a right to seize the property of Faurie on the plantation.

There is nothing in the record to show that the lease was ever recorded, and if the plaintiff had had only a privilege to secure the payment of the rent this omission would have been fatal.

But article 2705 of the Civil Code declares that " the lessor has, for the payment of his rent and other obligations of the lease, *a right of pledge* on the movable effects of the lessee, which are found on the premises leased. In the case of predial estates, this right embraces everything that serves for the labors of the farm," etc. 21 An. 553.

There is no law which requires the contract, which gives the right of pledge, to be registered. C. C. article 3218. We think the imputations of payment were lawfully made.

It is therefore ordered and adjudged that the judgment of the lower court against the intervenor be annulled, and that in other respects it be affirmed; and that the costs of this appeal be paid by the appellee.

Rehearing refused.