## VOLUME 151

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1921

(91 South. 525)

No. 24342.

WEISS v. HUDSON CONST. CO., Limited, et al.

(April 3, 1922. Rehearing Denied April 24, 1922.)

(Syllabus by Editorial Staff.)

1. Chattel mortgages ⟜138(1)—Unrecorded vendor's privilege superior to subsequently recorded mortgage.

Under Const. 1879, art. 177, Const. 1898, art. 187, Const. 1913, art. 187, Const. 1921, art. 19, § 19, and Civ. Code, arts. 3186, 3227, relative to privileges, and Act No. 198 of 1918, relative to the recording of chattel mortgages, a vendor's privilege on movable property, though unrecorded, is superior to a subsequently recorded chattel mortgage.

2. Chattel mortgages ⟜138(1) — Vendor's failure to record privilege cannot be made basis of estoppel.

As the law does not require a vendor's privilege on movable property to be recorded, the vendor's failure to record it does not estop him as against one taking a chattel mortgage on the faith of the records without making any other effort to ascertain if the property was free from privileges.

151 La.—1

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Suit to foreclose a mortgage by Morris J. Weiss against the Hudson Construction Company, Limited, in which the Southern Motors Company, Incorporated, filed a third opposition. From a judgment in favor of the third opponent, plaintiff appeals. Affirmed.

Hawthorn & Stafford, of Alexandria, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. In this case there is no dispute as to the facts. The Southern Motors Company sold to the Hudson Construction Company a motor truck and an automobile. The evidence of the sale was not recorded. The balance due on the price is $3,000. About a month after the sale the Hudson Construction Company executed a chattel mortgage on the truck and automo-

2

bile in favor of plaintiff, Morris J. Weiss. The mortgage was duly recorded. Weiss proceeded to foreclose on his mortgage, and the vendor of the property filed a third opposition, claiming priority out of the proceeds of sale by virtue of the vendor's lien. The truck and automobile were sold, and the price ($2,750) is in the hands of the sheriff, and constitutes the matter in dispute.

[1] The legal question presented is, Does an unregistered vendor's lien on a movable (automobile) outrank a subsequently recorded chattel mortgage? or, to paraphrase the question, Does a mortgage under the chattel mortgage law take precedence over a prior validly existing unrecorded vendor's privilege?

The contention is made in behalf of the chattel mortgage holder that it was the purpose of the Legislature in adopting the chattel mortgage law, to do away with secret liens in so far as they might conflict with a lien resulting from a recorded chattel mortgage, and to make the law of registry apply to movables in precisely the same way as it does to immovables, in so far as mortgages are concerned. There can be little or no analogy between movable and immovable property as regards the law of registry. All contracts relating to immovable property are required to be recorded (C. C. art. 2266), and the Constitution provides that no privilege on immovable property shall affect third persons unless recorded in the manner prescribed by law. Constitution 1913, art. 186; Constitution 1921, art. 19, § 19.

Such is not the case with regard to movable property. Contracts relating to that class of property are not required to be recorded, and every Constitution of this state, beginning with that of 1879, has declared that privileges on movable property shall exist without being registered, except in such cases as the General Assembly may provide by law. Const. 1879, art. 177; Const. 1898, art. 187; Const. 1913, art. 187; Const. 1921, art. 19, § 19.

The General Assembly has never passed any general or special law by which a vendor's privilege on movable property is required to be recorded in order to have effect, either as between the parties or as to third persons. Until such a law is passed, a vendor's privilege once created will continue to exist without being recorded, until it is lost or superseded in some manner provided by law. The Civil Code declares a privilege to be a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages. Article 3186. And he who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, if the property still remains in the possession of the purchaser. C. C. art. 3227.

It was not the purpose of the Legislature in adopting the chattel mortgage law (Act 198 of 1918) to exercise the authority conferred by the Constitution and require registration of privileges on movable property, except in so far as the lien or privilege results from the mortgage provided for in the statute. Nor was it intended by that law to affect the validity or the rank of any privilege existing on the property at the time a chattel mortgage is executed. A person accepting a chattel mortgage on personal property takes it subject to all unrecorded liens and privileges existing on the property at the time, and this plainly appears from the words of the statute. Section 4 of the act provides that every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto. The lien dates from the filing of the

act of mortgage, and the rank of such lien relates to the future. If it had been intended that the chattel mortgage should be retroactive in its effect and to prime or supplant a pre-existing unrecorded privilege, it seems that appropriate language could have been found to express such intention. To adopt the contention of plaintiff would necessitate rewriting the chattel mortgage law so as to make it read: And said lien shall be superior in rank to any and all unrecorded privileges existing on said property at the time of filing the act of mortgage, as well as all liens and privileges arising subsequent thereto.

[2] It is urged that the failure of the vendor to place the evidence of his privilege on the public records deceived the plaintiff, and led him, in taking the chattel mortgage, to believe that the property was free of any lien, and that third opponent in law and in equity ought now to be estopped from asserting priority of privilege. The vendor owed no duty to plaintiff, nor any one else, to have his privilege recorded, and his omission to do that which the law has not only not required of him, but has expressly declared that he need not do, cannot be made the basis of an estoppel. The plaintiff in acting on the faith of the records, as showing no recorded privilege, did so at his risk and peril. It does not appear that he made any other effort to ascertain if the property was free of privileges. It is not pretended that he was deceived by the Hudson Construction Company. Doubtless, if he had inquired of that company before taking the mortgage, he would have been informed that the property had not been paid for. The statute provides a penalty against a person who shall give a chattel mortgage, without fully disclosing and causing to be written into the act of mortgage the description and amount of any existing liens, privileges, or incumbrances on the property mortgaged. If the plaintiff in taking his chattel mortgage had exacted a compliance with this provision of the act, he could have avoided a loss. The provision is in the interest of the creditor accepting the mortgage, and is a complete answer to the contention that it was the intention of the act to require privileges on movable property to be recorded in order to outrank a chattel mortgage. If it had been the purpose of the chattel mortgage law to make all prior liens subordinate to a lien created by the act of mortgage, why the necessity of requiring the mortgagor to disclose to the mortgagee all liens existing on the property, and to fully describe such liens in the act of mortgage, under a penalty for his failure to do so? It was obviously to afford a mortgagee the opportunity of protecting himself against the secret liens of which the plaintiff complains. It would have been unnecessary to have required disclosure and description in the chattel mortgage of recorded liens and privileges.

We conclude, therefore, that a valid existing unrecorded vendor's privilege on movable property is superior in rank to a subsequently recorded chattel mortgage on the same property.

For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.