### No. 9108.
### Orleans Appeal.

---

### REMEDIAL LOAN SOCIETY, Appellant, v. FREDERICK SOLIS AND ROBERT E. TREPAGNIER. PATRICK J. MORRIS, Intervenor.

---

(December 1, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Landlord and Tenant, Par. 1, 5.**

A contract of lease which either party may terminate on giving fifteen days' notice does not fix its duration and under Article C. C. 2685 is one by the month.

2. **Louisiana Digest, Landlord and Tenant, Par. 33.**

Holding over after the expiration of each month creates a tacit reconduction

from month to month and a new contract for each month.

(Civil Code, Art. 2689—Editor's Note.)

3. **Louisiana Digest, Chattel Mortgages, Par. 5.**

A chattel mortgage yields a preference to a contract of lease and to every tacit reconduction thereof made prior to recordation of the amount of mortgage; but enjoys a priority over every lease or tacit reconduction made subsequent thereto.

Appeal from Civil District Court, Hon Porter Parker, Judge.

This is a contest for priority between a lessor and a chattel mortgagee.

Judgment amended and affirmed.

Legier & Gleason, McEnerny & Waguespack, attorneys for plaintiff and appellant.

Frank T. Doyle, attorney for defendant and appellee.

CLAIBORNE, J.   This is a contest for priority between a lessor and a chattel mortgagee.

By· an Act of Chattel Mortgage dated April 28, 1922, recorded on the same day, the defendants in this case, Solis and Trepagnier, mortgaged in favor of A. P. Raymond all the machinery located at 900 Tchoupitoulas Street and 346 Joseph Street to secure the payment of their seven promissory notes each for $200.

The present suit was filed to enforce the payment of said notes by the seizure and sale of the machinery mortgaged.

Patrick J. Morris intervened, and alleged that he was the owner of the premises 900 Tchoupitoulas Street and 346 St. Joseph Street; that he rented said premises to the defendants under a verbal lease at $75.60 per month; that the defendants had failed to pay the rent for the month ending January 15th, 1922, up to the present time, making a total of thirteen months or $982.80 due and unpaid; that the plaintiff in this suit had seized the contents of said premises; that he was entitled to be paid by preference over said plaintiff.

Patrick J. Morris filed another intervention in which he averred that at the time the Chatel Mortgage was executed, on April 28th, defendant was already in arrears four months, January, February, March and April 15th; that he was entitled to be paid by preference the whole amount of rent due to him, $982.80; and he prayed that the Sheriff be ordered to pay that amount to him, out of the proceeds of sale by preference to the plaintiff

There was judgment in favor of Patrick J. Morris, intervenor, recognizing his lessor's privilege and right of pledge on the machinery contained in the leased premises and his preference over the plaintiff, and ordering the Sheriff to pay him his rent of $982.80.

The plaintiff appealed.

James Donelson, agent of intervenors, and Fred Solis, the defendant, testify that the properties were rented for $75.60 per month, as stated in the intervention; that the defendant, Solis, had occupied the premises as lessee since 1917; and that the rent is due since December 15th, that is, for the month of January 15, 1923; it was a verbal lease to terminate on 15 days' notice.

Sec. 4 of Act 198 of 1918, p. 373, reads as follows:

"That every chattel mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

The decisions construing this section have not been uniform.

In the case of Roses vs. Biggio, No. 7904 O. B. 56, this court held that a chattel mortgage was preferred to an artisan· who

had repaired an automobile on the ground that the latter had no privilege but only a right of detention.

It went further and recognized the superiority of the chattel mortgage over all privileges subsequently arising.

In the Succession of Watlington, No. 7310 Orleans Appeal, the court said:

"The chattel mortgage granted under Act 151 of 1916, at p. 371, is superior in rank to any privilege arising subsequently thereto, including the widow's homestead under Art. 3253 of the Civil Code previous to its amendment."

See also Jefferson Finance Co vs. Lafleur, No. 113,688 City Court, Judge Stentz.

In the case of Lyons vs. Clark Warehouse, Judge Leche of the Court of Appeal of the First Circuit, sitting at Baton Rouge, on December 29, 1922, decided that the lessor's privilege was superior to the chattel mortgage, although the latter came into existence before the lessor's privilege attached, on the ground that the lessor's privilege is of a higher nature than a mere privilege and is a pledge and confers upon the lessor the right to retain the things subject to it until he is paid. C. C. 2705-3218. See Loyola Law Journal, April, 1923.

It was upon that ground, that the lessor's right was more than a privilege and was a pledge, that the Supreme Court decided that the law did not require the lessor's pledge to be recorded under the Constitution of 1868 which required all privileges to be recorded. Johnson vs. Tacneau, 23 La. Ann. 453; Johnson vs. Tacneau, 24 La. Ann. 143.

The Court of Appeal for the Second Circuit, sitting at Shreveport, in the case of Bernhardt vs. Sandel, No. 1775, took a contrary view and decided that the chattel mortgage, which came into existence before the lessor's privilege, was superior to the lessor's privilege. Both cases are reported in the Loyola Law Journal of April, 1923, Vol. 4.

But the case of Youree et al. vs Limerick, No. 26,209, not reported, finally decided in November, 1924, settles the jurisprudence.

The issues involved were the question of priority between the lessor's privilege and the chattel mortgage. The District Court and the Court of Appeal for the Parish of Caddo recognized the priority of the mortgage above the lessor's privilege, which was in conflict with the decisions of the Court of Appeal for the First Circuit in the case of Lyons vs. Clark, decided in December 22, 1922.

The facts were as follows: The plaintiffs, Youree et al., were the owners of the premises No. 310 Texas Street in Shreveport; they leased the premises to one Vaky. Vaky sold out to Caporal, who became plaintiff's tenant.

On July 11, 1921, Caporal borrowed from Papas $4,500, for which he gave his note, due January 30, 1922, secured by a chattel mortgage, duly recorded, on all the contents of the leased premises.

On April 15, 1922, Caporal sold out the business and furniture to Limerick, who assumed the obligations of the chattel mortgage and of the lease and thus became plaintiff's lessee. Limerick failed to pay the rent. Plaintiffs, in December, 1922, sued Limerick for $1,200 due since October 1, 1922, and for lessor's privilege.

Papas intervened, claiming $1,500 balance due on Caporal's note of $4,500 with chattel mortgage on the contents of the leased premises superior to the lessor's privilege.

The District Court gave judgment in favor of plaintiffs, the lessors, for the amount claimed, with lessor's privilege; but granted Papas a priority over the lessor for the balance of $1,500 due upon his chattel mortgage note.

This judgment was affirmed by the Court of Appeal.

The law of the case is as follows: Act 198 of 1918, Sec 4, p. 372:

"That every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

Said the court:

"The Act in express terms provides that the chattel mortgage privilege 'shall be superior in rank to any privilege or lien arising subsequently thereto'. No exception is made; clearly then the word privilege includes the lessor's privilege."

No reference is made to the cases in Johnson vs. Tacneau, 23 La. Ann. 453, and Wm. A. Burnett vs. B. B. Cleneay, 24 La. Ann. 143, defining the lessor's privilege.

The decision in the case of Lyons vs. Clark was based upon the theory that the lessor's right was of a higher order than a mere privilege and that it gave the right of detention. But the Supreme Court held that the theory and judgment were wrong.

The Court of Appeal for the Parish of Orleans in the case of Roses vs. Biggio, No. 7904, decided in May, 1920, that the privilege and right of detention of a workman for repairs upon a movable yielded to a chattel mortgage recorded prior thereto.

Therefore the court said:

"We are therefore of the opinion that the privilege resulting from the execution and recordation of a chattel mortgage takes precedence over and primes a lessor's lien arising subsequently thereto. And, of course, the converse is also true; that a prior lessor's lien is superior to a subsequent chattel mortgage."

But the Court of Appeal misapplied the law and its interpretation of it. It decided that the claim of the plaintiffs was entitled to a privilege only up to the amount due on the date of the recordation of the chattel mortgage; and that inasmuch as the mortgage was dated and recorded on July 13, 1921, and the rent was paid up to October 1, 1922, the chattel mortgage was entitled to a priority for rent becoming due subsequent to July 13, 1921. In other words, the privilege had ceased with the payment of the rent. No rent due, no privilege. But the Supreme Court said that the lessor's privilege did not arise with the tenant's failure to pay the rent; but originated and took its birth with the lease itself and reached all property brought into the leased premises thereafter and existed during the life of the lease. The Court of Appeal was therefore in error in not so holding.

The judgments of the District Court and of the Court of Appeal recognizing the superiority of the claim of the chattel mortgage were set aside, and the plaintiffs' lessor's privilege was recognized as superior to the mortgage to the extent of $1,200.

Upon the rehearing there was nothing said affecting the above opinion. The original judgment of the Supreme Court was reinstated upon the following ground: It seems that in stating the facts of the case the court has assumed that Limerick had assumed the original lease to Caporal. The truth was that, at the time of the sale to Limerick, April 15, 1922, the old lease was cancelled and a new one entered into between the plaintiffs and Limerick. But at that sale Papas, intervenor herein, guaranteed that the contents of the premises were free from any claims of Caporal's creditors. The court held that this was an estoppel which precluded Papas from claiming a priority over the plaintiffs.

The plea of estoppel was maintained and the former decree reinstated.

"In addition to his chattel mortgage the vendor has his vendor's privilege, which need not be recorded, and lasts as long as

the thing sold remains in the purchaser's possession, and is superior to the subsequent chattel mortgage." Weiss vs. Hudson, 151 La. 1, 91 South. 525.

"A person accepting a chattel mortgage on personal property takes it subject to all unrecorded liens and privileges existing on the property at the time." P. 4, Sec. ____; also Continental Bank & Trust Co. vs. Succession of McCann, 151 La. 555, 92 So. 55.

In the Youree case there was a lease for a stated time.

But in the case under consideration there is no lease for any period exceeding one month. The lessor and lessee both agree that there was no time specified for the duration of the lease; that each could put an end to their relations by giving fifteen days' notice.

This was tantamount to a lease by the month.

C. C. 2685 (2655): "If the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month."

2 Orl. App. 85, 4 Orl. App. 365, Paquettel vs. Gauche, 17 La. Ann. 63, 11 Orl. App. 318, C. C. 2689 (2659): "If the tenant either of a house or of a room should continue in possession for a week after his lease has expired without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued and he cannot be compelled to deliver up the house or room without having received the legal notice or warning directed by Article 2686." Bowles vs. Lyon, 6 R. 262.

This is called "tacit reconduction." S. Dolese vs. C. F. Barberot, 9 La. Ann. 352; Marmiche vs. Roumieu, 11 La. Ann. 477.

But the lease is continued from month to month only. Connell vs. Hill, 30 La. Ann. 255; John Armstrong vs. John M. Bach, 20 La. Ann. 190; Geheebe vs. Stanby, 1 La. Ann. 17; Bowles vs. Lyon, 6 R. 262; 24 Cyc. 1167; 2 Ct. App. 421; 8 Ct. App. 120.

Every continuance is a new contract. 12 Ct. App. 218, 224.

In the language of Article 2690 (2660):

"In the cases provided for in the two preceding Articles, the security which may have been given for the payment of the rent shall not extend to the obligations resulting from the lease being thus prolonged."

The chattel mortgage in this case was recorded on April 28, 1922. Defendant's rent began on the 15th of each month. He owed for December 15, 1921, payable in advance. Considering each monthly tacit reconduction as a new and separate contract, then the five several contracts on December 15, 1921, and on the 15th of each succeeding month, including April 15, 1922, amounting to $378.00, originated prior to the chattel mortgage of April 28, 1922, and are entitled to a priority over it. The other contracts which were formed tacitly on May 15, 1922, and on each ensuing month thereafter subsequent to the recordation of the chattel mortgage, April 28, 1922, are inferior to the chattel mortgage and must yield a priority to it.

It is therefore ordered that the judgment appealed from in favor of Patrick J. Morris, intervenor, be reduced from Nine Hundred and Eighty-two 80/100 Dollars to Three Hundred and Seventy-eight Dollars, and as thus amended that it be affirmed; costs of appeal to be paid by said Patrick J. Morris.