UNITED SHOE REPAIRING MACHINE CO.

v. COSTA AND SERIO

FERRARA, Intervenor

---

(October 4, 1927. Opinion and Decree.)
(November 2, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Execution—Par. 114; Obligations—Par. 51.
The ten days' advertisement of the sale of movable effects under execution

may be reduced to five, or waived entirely, by agreement.

2. Louisiana Digest—Landlord and Tenant —Par. 98.
The landlord may seize the property of third persons on the leased premises in satisfaction of his rent and, a fortiori, may seize property leased to his tenant.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by United Shoe Repairing Machine Company against J. Costa and S. Serio.

Lucille L. Ferrara intervened.

There was judgment for defendant dissolving the sequestration and recognizing claim of intervenor and plaintiff appealed.

Judgment affirmed.

Dufour, Goldberg & Krammer; E. C. Hollins, of New Orleans, attorneys for plaintiff, appellant.

Weiss, Yarrut & Stich, and W. O. Hart, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.    Plaintiff, claiming to be the owner of certain shoe repairing machinery, sequestered it in the hands of defendants. Lucille L. Ferrara intervened and set up title to the machinery by purchase from John L. Costa, to whom the machinery was adjudicated at a sheriff's sale in the matter of John P. Viviani vs. Antonio Adiego, No. 148,851 of the Civil District Court. The defendants set up no title to the property. The controversy lies between plaintiff and intervenor.

Plaintiffs attack the sheriff's sale to Costa, intervenor's vendor, upon the ground, first, that it was preceded by advertisement of only five days, instead of ten, as the law (Art. 670 C. P.) directs, and, second, the judgment debtor was not the owner but the lessee of the machinery

.and Costa, the adjudicatee, could get no greater title than the debtor held because under Art. 2620 R. C. C. the sale under execution "transfers only the rights of the debtor such as they are".

. The proceeding (Viviani vs. Adiego heretofore alluded to) was for the enforcement of a chattel mortgage, via ordinaria. In .the act of mortgage sued on, there is a clause permitting the mortgaged property to be sold in the event of default, following three advertisements, within five days, and this privilege the seizing creditor availed himself of. There is no doubt that the debtor could waive the ten days' advertisement provided by C. P. 670 and could agree to five days. In Barron vs. Sallibellos, 28 La. Ann. 355, it was so held. Plaintiff's first point, therefore, is without merit. But, it is argued, the shoemaking outfit was only leased to Viviani's debtor and the purchaser at the sheriff's sale could not acquire any superior title to that held by such debtor. This is good law and if it were not for the fact that Viviani's landlord intervened in the proceeding, before the execution sale, would possibly be applicable here. But as against the landlord, third persons owning property on the leased premises can not complain if their property be sold by the landlord in order to collect his rent. R. C. C. 2705; Johnson vs. Lacneau, 23 La. Ann. 453. It is not disputed that Costa was a bona fide purchaser nor that intervenor, who acquired from Costa, was in like good faith. Plaintiff failed to intervene in the execution sale. It is not contended that the shoe machinery outfit was temporarily on the leased premises.

The judgment appealed from dissolved the sequestration and recognized the claim of intervenor to the seized property. We think that judgment was correct and it is therefore affirmed.