No. 3892

Second Circuit

———

THOMPSON CHEVROLET CO. (Plaintiff or Intervener) v. BLANCHARD

———

(December 23, 1930.   Opinion and Decree.)

———

Dhu Thompson, of Monroe, attorney for plaintiff, appellant.

W. D. Cotton, of Rayville, and Edwin L. Gladney, Jr., of Bastrop, attorneys for defendant, appellee.

ODOM, J.   On or about April 3, 1930, an automobile belonging to the defendant, Blanchard, was seized and ordered sold under a writ of seizure and sale in the case styled C. J. Goodwin v. W. C. Blanchard, No. 7845, on the docket of the Fifth district court for the parish of Richland.   On or prior to the date of sale this plaintiff intervened in the suit by way of third opposition, claiming the proceeds of the sale by virtue of an alleged superior lien and privilege on the automobile for labor and parts furnished in the repair of the car.

Plaintiff attached to and made a part of its petition an itemized account showing that the labor account for making the repairs amounted to $34.35 and that the value of the material and parts used in connection therewith was $78.81.

The lien and privilege the plaintiff asserts is claimed under a special statute, Act No. 209 of 1926, p. 337, which provides that those making repairs upon automobiles, trucks, etc., "shall have a lien and privilege upon the automobile, truck, or machine so repaired or for which such repairs were made or parts furnished or made and for the labor performed upon same, for a period of ninety (90) days

from the date of making of such repairs or parts or performing such labor, said period to run from the last day such repairs or parts are made or labor performed when the repairs done, parts made or labor performed require more than one day to complete." Section 1. •

Plaintiff's itemized account, attached to and made part of its petition, shows that the first item charged thereon is dated November 16 and the last December 22. Its first step to enforce its lien and privilege was on April 25 of the following year, more than ninety days after the last item was charged.

C. J. Goodwin, plaintiff in the original suit, filed in limine an exception of no cause of action, and, from the judgment sustaining the exception, intervener has appealed.

The act above cited under which intervener claims to have a lien and privilege on the automobile repaired provides in specific terms that those making such repairs "shall have a lien and privilege upon the automobile * * * for a period of ninety (90) days * * * said period to run from the last day such repairs or parts are made or labor performed when the repairs done, parts made or labor performed require more than one day to complete."

Intervener's petition affirmatively shows that the last day on which labor was performed or parts furnished was more than ninety days prior to the date of its filing. It therefore follows necessarily that intervener had no privilege on the car or its proceeds when the intervention was filed and its alleged privilege asserted, and, further, that, as intervener did not pray for judgment against defendant, Blanchard, and as the only purpose of the intervention was to have the privilege recognized, the petition of intervention sets out no cause of action, and the judgment sustaining the exception was proper. As an alternative demand, intervener asks, in case the court should hold that it has no lien and privilege on the automobile repaired under the special statute above cited, that it be accorded the privilege allowed by law to vendors upon the parts and material furnished by it and used on the car. Under intervener's allegations it cannot be held that it has a privilege as vendor upon the materials and parts furnished for defendant's car. While it is true that in paragraph 2 of the petition it is alleged that a portion of the total amount charged is for "parts and accessories fully itemized and described on the annexed sworn account, sold and delivered to defendant by petitioner," yet the petition when considered as a whole and in connection with the account which is made part of it shows that the parts and material were not, in fact sold to defendant, but were used in repairing the automobile. The pleading shows that the contract entered into by plaintiff and the defendant, Blanchard, was for the repair of the automobile.

Counsel for intervener in his brief under the general head "Statement" says:

"In November, 1929, one W. C. Blanchard, the owner of a Chevrolet car, had a wreck near Delhi, Louisiana, whereby his car was partially destroyed.

"At the request of Blanchard, the plaintiff, appellant herein, Thompson Chevrolet Company, Inc., which does a general garage business, and handles the Chevrolet car at Delhi, Louisiana, sent its wrecker to the scene of the accident and carried the wrecked car to its place of business, where it repaired and over-hauled the car at Blanchard's request."

The word "repair," when used as a verb, as defined by Webster, means to restore to a solid or good state after decay, injury, dilapidation, or partial destruction. Intervener was employed by defendant to repair this car after it had been wrecked and practically destroyed. To restore the car to solid good order, plaintiff necessarily had to use material and parts. The car could not have been repaired or restored to good order without them, and therefore the furnishing of the material and parts was an incident to and a part of the repair contract. The furnishing of parts and material used in connection with the repair of an automobile does not convert a repairman into a vendor. The relationship of vendor and purchaser does not arise under such circumstances.

The purpose of the above-cited statute is to protect mechanics who furnish labor and materials for the repair of automobiles, trucks, etc., and has reference to repair contracts only. The act contemplates that material and parts may have to be used as an incident to such contracts, and creates a lien on the car repaired not only for the work done, but for the value of the parts and materials as well. But that lien exists for a period of ninety days only. As that period had lapsed when this intervention was filed, the plaintiff or intervener has no privilege under the act.

For the reasons assigned, the judgment appealed from is affirmed, with all costs.