EDDY v. WEATHERS
(W. H. Hodges & Co., Inc., and Logan & Avegno, Interveners)

(April 13, 1931. Opinion and Decree.)
(May 11, 1931. Rehearing Refused.)
(June 22, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Andrew H. Thalheim, of Gretna, attorney for plaintiff, appellant.

Prowell, McBride & Ray, of New Orleans, attorneys for interveners, appellees.

JANVIER, J. Paul C. Weathers, a dairyman, became indebted to Lawrence C. Eddy, operator of a feed and merchandise store, and, in order to provide security for the payment of this debt, executed a note secured by mortgage on certain real estate, cattle, horses, mules, and autotrucks.

The note was not paid at its maturity, and foreclosure proceedings were instituted by the mortgage creditor, Eddy.

Prior to the sale of the mortgaged property, two interventions were filed—one by W. H. Hodges & Co., Inc., and one by Logan & Avegno, a commercial partnership—each intervener claiming a vendor's lien on certain cows seized by the sheriff under the foreclosure proceedings.

W. H. Hodges & Co., Inc., in the intervention and supplemental intervention claimed vendor's lien on seventeen cows, and Logan & Avegno claimed a similar lien on nine of the cows. Interveners in both cases pointed out to the sheriff the cows on which they claim their liens existed, and all of the cows pointed out were sold separately by the sheriff.

The distribution of the proceeds of these separate sales is the matter with which we are now concerned. Though the facts involved in the two interventions are not identical, and though we have reached different conclusions in the two matters, the principles to be considered are sufficiently similar to permit us to consider the two interventions together.

At the outset it might be well to call to mind that a vendor's lien, even though not recorded, is superior in rank to a chattel mortgage subsequently executed by the vendee, so long as the property remains in the possession of the vendee. Civ. Code, arts. 3217, 3227; Weiss v. Hudson Construction Co., 151 La. 1, 91 So. 525; Continental Bank & Trust Co. v. Succession of McCann, 151 La. 555, 92 So. 55. Therefore, if the interveners had prior vendor's liens which were not lost by any act on their part, and if the property subject to their liens remained in the possession of the vendee until the sales, and if it was separately sold, the rights of the interveners to the proceeds of the sales cannot be defeated by the claim of the conventional mortgagee.

It is contended by the mortgagee, however, that as to both interveners the liens have never come into existence because the various sales of cows represented merely items on an open account, on which account payments had been made and on which account notes had from time to time been accepted; or, in other words, that the situation is analogous to that which the Supreme Court found to have existed in Forrey et al. v. Strange, 158 La. 941, 105 So. 21, 23, in which that court said:

"The Continental Supply Company had

no vendor's lien upon all the movable property on the leased premises. Its claim was for a balance due on a running account. The law allows no vendor's lien for a general balance upon all the property sold and delivered and charged for in said account. The law is, that the vendor's lien extends only to the very thing for which the price has not been paid, and only to the extent of the unpaid price thereof. * .* *"

As to the intervention of Logan & Avegno, such contention is manifestly without merit. They made but few sales, were able to identify each cow still in existence, and the circumstances do not warrant our finding that they had made sales on open account. The cows claimed by them to be subject to their lien and which were separately sold brought the sum of $231.50, and they are entitled to this sum.

The case of W. H. Hodges & Co., Inc., is not so simple of solution. The record shows that that corporation had been selling cattle, hogs and various other stock to the said Weathers for a considerable time, that at the time of the foreclosure Weathers was indebted to it in the sum of $1,081.75, representing the balance due on a note which had been given by Weathers and into which had been consolidated all of the various outstanding balances due by him to Hodges & Co., Inc., for a large number of purchases. On these various purchases small amounts had been paid on account at different times. A study of the records introduced in evidence convinces us that the sales made were made on open account, and that no lien in favor of the vendor resulted. Since we do not feel that Hodges & Co., Inc., is entitled to a vendor's lien, it is unnecessary to discuss the contention raised by the foreclosing creditor to the effect that that corporation, by bringing a separate suit against Weathers, and by failing in that suit to assert its vendor's lien, is now estopped to do so.

Another very interesting question, however, is presented among the contentions of the Hodges Company, Inc., and that is that to a large extent the mortgage from which the foreclosure sale resulted was defective, in that it did not contain a full and complete description of the various cows intended to be included therein. We find it unnecessary to discuss the question of whether or not the description contained in the act of mortgage was sufficient, for the reason that we do not believe that the intervener can be heard to attack the act of mortgage under which the sale was had because the intervener went into that proceeding and acquiesced in the sale under that act of mortgage, merely claiming that he was entitled to the proceeds by priority over the mortgage creditor. If, as a general creditor, the intervener had any interest in defeating the claim of the mortgage creditor, his rights should have been asserted in some other proceeding, and he cannot be heard, after intervening in the foreclosure suit and after acquiescing in a sale in that suit, to question the rights of the mortgage creditor. As we said in Valley Securities Co., Inc., v. DeRoussel, 133 So. 405, 407, decided March 23, 1931:

"Interveners cannot in the same proceeding attack the validity of a mortgage on which the foreclosure proceeding is instituted and the order of seizure and sale issued, and also ask that they be paid by preference out of the proceeds of the sale. They cannot be permitted to attack the authenticity of the mortgage, which is the basis of the foreclosure proceedings, and, at the same time, claim the proceeds of the sale."

We also find that the Supreme Court has discussed this identical question in

Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731, 735, in which that court said:

"It is our opinion that the third opposition is not the remedy afforded for determining the rank of valid and subsisting claims. The law provides another remedy for determining the validity or legality of such claims. This court has uniformly held that an opposition will not lie where the opponent attacks the validity of the judgment or mortgage and in the same action claims to be paid by preference out of the proceeds realized from the sale of property."

The court below held that the intervener, Hodges & Co., Inc., was entitled to be paid by preference and priority the sum of $797.25. This amount was plainly erroneous, since the property claimed by that corporation brought only $576.75, but this error is of no importance, since we are of opinion that its intervention as a whole should be dismissed.

The trial court also rendered judgment in favor of the interveners, Logan & Avegno, in the sum of $327, whereas only $231.50 was realized from the sale of the cows on which these interveners claimed vendor's lien, and the judgment in their favor must be amended to that extent.

It is therefore ordered, adjudged, and decreed that the judgment on the intervention of Logan & Avegno be and it is amended by reducing the amount thereof from $327 to $231.50, and that, as thus amended, it be affirmed. It is further ordered, adjudged, and decreed that the judgment on the intervention of W. H. Hodges & Co., Inc., be and it is annulled, avoided, and reversed, and that there now be judgment against the said W. H. Hodges & Co., Inc., dismissing the intervention filed by the said corporation at its cost.