## FEDERAL MORTGAGE & FINANCE CO. v. BOHNE (AUTO PAINTING & ENAMELING CO., Inc., Intervener).

### No. 14453.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1933.

Edward J. De Verges and Lubin F. Laurent, both of New Orleans, for appellant Auto Painting & Enameling Co.

Frank Wm. Hart, of New Orleans, for appellee.

Frank G. Bohne, in pro. per.

HIGGINS, Judge.

This is a contest between a chattel mortgage creditor and the owner of an automobile repair shop over the proceeds of the sale of a Chevrolet coach; each claiming that its respective claim is entitled to preference and priority.

The plaintiff, as holder and owner of the defendant's promissory note dated August 1, 1931, and secured by a chattel mortgage on the Chevrolet coach automobile, proceeded via ordinaria and obtained a judgment for $108, the balance due on the note, together with 8 per cent. interest from February 12, 1932, and 20 per cent. attorney's fees and recognition of its mortgage. The car was seized under a writ of fieri facias, and the constable sold it to the intervener for the sum of $180 (an insufficient amount to satisfy the writ) on August 8, 1932.

On August 19, 1932, the intervener filed a petition of intervention and third opposition alleging that the promissory note and chattel mortgage securing it had been extinguished prior to the date the suit was filed when the plaintiff accepted the automobile from the defendant in full settlement of the balance due on the note; that on December 31, 1931, the owner of the Chevrolet automobile authorized intervener to make certain repairs to the car after it had been practically demolished in a collision; that the automobile was hauled to the intervener's place of business and repaired and new parts furnished in accordance with a written estimate, which the owner had accepted and approved, amounting to the sum of $143.10; that a lien was recorded in the mortgage office on April 16, 1932; that the intervener is further entitled to recover storage charges from December 31, 1931, to June 8, 1932, or 160 days at $.50 per day, or a total of $80; that it is also entitled to storage charges at the same rate per day from June 8, 1932, to August

8, 1932, amounting to $30, having been placed in possession of the automobile by the constable who had the car under seizure; that all of the said parts, labor, and storage were for the purpose of preserving the wrecked automobile for the owner, mortgage creditor, or any other parties in interest; and that as a result thereof intervener was entitled to a lien and privilege on the automobile and is entitled to be paid by preference and priority over all other creditors whatsoever out of the proceeds of the sale of the car.

Plaintiff filed an exception of no right or cause of action to the petition of intervention and third opposition and also filed an answer thereto denying for lack of sufficient information that the repairs were made and that the car was stored by authority of the owner, and averring that under its pre-existing and recorded chattel mortgage it was entitled to be paid by preference and priority out of the proceeds of the sale, and, finally, that the storage charge of $.50 per day was excessive and unreasonable.

The trial court overruled the exceptions of no right or cause of action, and, on the trial of the case on the merits, rendered judgment in favor of the plaintiff as prayed for, dismissing the intervener's petition, and it has appealed.

■ We shall first consider the exceptions of no right or cause of action. Intervener first attacks the existence of the promissory note and chattel mortgage under which the plaintiff foreclosed on the ground that they had been extinguished because the plaintiff, as mortgage creditor, previous to filing suit had acquired title to the automobile from the owner.

In the case of Eddy v. Weathers, 16 La. App. 634, 134 So. 259, this court held that the intervener in a foreclosure proceeding who claimed a superior right to the proceeds of the sale could not attack the act of mortgage or the judgment under which the sale was made. Even if the intervener did have the right to attack the act of mortgage, in passing we might say that its attempt to prove that the plaintiff acquired the ownership of the automobile before filing the foreclosure proceedings was unsuccessful.

■ It is admitted that the plaintiff's chattel mortgage was properly recorded prior to the time the alleged repairs and storage charges (except those incurred by the constable) of the intervener arose; therefore, under the expressed provisions of section 4 of Act No. 198 of 1918 and section 1 of Act No. 209 of 1926, the chattel mortgage of the plaintiff is entitled to priority over the lien and privilege of the intervener. But, says the counsel for intervener, that as the repairs and storage charges were for the preservation of the automobile and it had possession of the car, under the provisions of articles 3224, 3225, and 3226, Revised Civil Code, it had a privilege on the car by virtue of which it was entitled to be paid by preference and priority over the other creditor, out of the proceeds of the sale thereof.

Conceding that these articles do provide for a privilege in favor of one who has possession of a movable with the consent of the owner, and incurs expenses in the preservation of it, and that the said party is entitled to reimbursement by the owner or the owner's creditors by preference, under the expressed provisions of section 4 of Act No. 198 of 1918 and section 1 of Act No. 209 of 1926, since the intervener's privilege arose subsequent to the recordation of the plaintiff's chattel mortgage, the mortgage creditor has a superior right to the proceeds of the sale of the Chevrolet coach. We say this particularly in view of the fact that both of these statutes deal directly and especially with the subject under consideration, that is, chattel mortgages and liens on automobiles and the priority thereof. From what we have said it is obvious that we are of the opinion that the exceptions were well founded and should have been sustained. Thompson Chevrolet Co. v. Blanchard, 15 La. App. 254, 131 So. 630; Boylan Detective Agency v. A. A. Brown & Co., 157 La. 328, 102 So. 417.

■■ Counsel for intervener insists that we should pass upon the question of estoppel injected into the case by the evidence. While the petition of intervention did not allege that the plaintiff had instructed and ordered the intervener to make the repairs or to complete them after they were started, during the trial of the case on the merits, Mr. Morel, the estimator for the intervener testified, without objection, that Mr. Bohne, the owner of the Chevrolet car, ordered the repairs and, after they were about 60 per cent. completed, he found out from Mr. Bohne when he made a request for a deposit of $50 on account of the work performed that there was a chattel mortgage in favor of the plaintiff against the automobile; that he then went to the plaintiff's place of business and spoke to Mr. Goldman, the secretary and treasurer of the plaintiff, who stated that the plaintiff as mortgage creditor had a right to have the automobile repaired, and, as Mr. Bohne would not pay for it, the plaintiff company would, because the repairs had to be made; that, when the repairs were completed he presented the bill to Mr. Goldman, who refused to pay it, and on April 16, 1932, the lien for repairs was recorded.

Mr. Goldman denied that he had ever instructed Mr. Morel to complete the repairs on the automobile, and states, after the repairs were completed and Bohne failed to pay therefor, that Mr. Morel requested him to have his company pay for them; that, in

order to obviate the necessity of filing suit, he attempted to get in touch with Mr. Bohne for the purpose of having him surrender the car to the finance company so that it would thereby obtain title to the car; that he also offered to make a compromise settlement by first offering $25 and then $40 to the intervener for the purpose of canceling the recorded lien so as to give a clear and unincumbered title to the finance company; but that the proposed plan failed, as he was unable to reach Mr. Bohne, and intervener refused to accept the offer of compromise.

The trial judge who heard and saw these two witnesses accepted the testimony of Mr. Goldman. Considering that the petition of intervention did not contain any allegation that the mortgage creditor authorized the completion of the repairs and that the burden of establishing that fact was upon the intervener, we believe the conclusions of the trial court are correct.

■ The intervener's claim for storage charges incurred by the constable falls in the category of costs of court, and should be fixed, if contested, in a rule to tax costs.

For the reasons assigned, the judgment appealed from is amended by reserving the intervener's right to claim storage charges incurred by the constable in a proper proceeding, and in all other respects the judgment is affirmed.

Amended and affirmed.