SCHOTT, Judge.
This is an appeal by a tenant from a judgment in favor of plaintiff evicting him from the premises. The only issue is whether the record supports the action of the trial court since plaintiff offered no testimony in support of her rule for possession of the premises.
On February 25, 1985 plaintiff had defendant served with notice to vacate the premises at the expiration of the then current rental month on March 25, 1985. On March 26 she filed a rule for possession of the premises which was scheduled for hearing on April 1. At the beginning of the hearing defendant served plaintiff with an answer and reconventional demand in which he claimed to have an oral lease for a fixed term expiring in 1986. At the hearing defendant moved for a continuance which was denied by the trial judge. Defendant’s counsel offered no evidence and gave no indication that she wished to do so. Thereupon, the court rendered judgment for plaintiff.
In his first specification of error in this court defendant contends the trial court erred because plaintiff failed to present evidence establishing a prima facie case. In the absence of an agreement providing for a fixed term, a lease is considered to have been made by the month. LSA-C.C. Art. 2685. A lease is presumed to be monthly when there is no special agreement as to a fixed term. Paquetel v. Gauche, 17 La.Ann. 63 (1865). The burden is upon a tenant to prove a fixed term in opposition to a landlord claiming a month-to-month lease. O’Neal v. Pizzolatto, 26 So.2d 159 (La.App. 1st Cir.1946). Since defendant offered no evidence to prove the lease had a fixed term this specification of error has no merit.
By his other specification, defendant contends he was deprived of his occupancy of the property without due process because the trial court refused to allow him to testify or produce evidence. The record does not support this position. The only action defendant took at the hearing was to ask for a continuance. The denial of this motion was within the discretion of the trial judge, C.C.P. Art. 1601; and defendant makes no suggestion that the trial court’s action constituted an abuse of discretion. Defendant’s attorney was present in court and had the opportunity to present evidence. Nothing in the record suggests that she (the attorney) was hindered or prevented from putting on evidence. This specification is likewise without merit.
Accordingly, the judgment is affirmed.
AFFIRMED.