HARDY, Judge.
This suit involves the right of intervenor to the issuance of writs enjoining the sale of an automobile seized by plaintiff under executory process. After issuance of a temporary restraining order the matter was tried on third opponent’s rule nisi and plaintiff’s motion to dissolve the temporary restraining order. The facts were stipulated by counsel for plaintiff and intervenor, and, after hearing there was judgment in favor of plaintiff dissolving the temporary restraining order; denying third opponent’s prayer for issuance of an injunction and further judgment awarding plaintiff the sum of $150 as damages in connection with the dissolution of the temporary restraining order. From this judgment intervenor has appealed.
The facts are undisputed. As holder of a note secured by a vendor’s lien and chattel mortgage of date November 7, 1955, plaintiff, J. D. Roberts, d/b/a Jena Auto Company, prayed for and procured the issuance of an order of executory process under which the mortgaged automobile, a 1954 Chevrolet Tudor Sedan, was seized by the Sheriff of LaSalle Parish. On date of the seizure, March 6, 1957, the automobile was in possession of Max Thieme Chevrolet Company, Inc., to whom it had been delivered on December 21, 1956, for necessary repairs and the installation of parts. This operation consisted of the installation of universal joints and gears affixed to the automobile by the use of nuts and bolts.
The basis of third opponent’s attempt to enjoin plaintiff’s seizure and sale of the mortgaged vehicle is predicated upon the argument that intervenor is the owner and has retained possession of the joints, gears, nuts, bolts, etc., installed in and affixed to the said automobile.
As above noted, counsel stipulated the material facts in connection with this cause, and in said stipulation the damages suffered' by plaintiff by reason of the issuance of the- *394 temporary restraining order were fixed in the sum of $150, and it was further agreed that an additional amount of $50 should be awarded in the event of appeal. In accordance with this stipulation an answer to intervenor’s appeal has been filed by plaintiff in this court, praying that the judgment in favor of plaintiff be amended by increasing the amount of damages awarded from the sum of $150 to the amount of $200.
Counsel for intervenor contends that the parts installed in the seized vehicle remained in the corporeal physical possession of intervenor; that no delivery had been made thereof, and that, inasmuch as delivery of possession is requisite to a sale of movables, title to the parts described remained in intervenor.
The issue tendered in this case is not governed by the requirements of delivery as effecting title to movable property, but, rather, by the codal provisions relating to accession. In our opinion, the question is completely determined by the provisions of Article 498 of the LSA-Civil Code, which reads as follows:
“The ownership of a thing, whether it be movable or immovable, carries with it the right to all that the thing produces, and to all that becomes united to it, either naturally or artificially.
“This is called the right of accession.”
If any clarification of the point were necessary it is amply furnished by the articles of the Civil Code dealing with the right of accession in relation to movables, Articles 520 et seq. Under the provisions of these articles it is established that the whole belongs to the owner of the principal part, and the principal part is defined by Article 522 as follows:
“The part which is considered as principal, is that to which the other has been united only for the use, ornament or completion of the other.
“Thus the diamond is the principal part with reference to the gold in which it is set.
“The coat itself, with reference to the lace, lining and embroidery.”
Under these clear definitions it is obvious that intervenor-third opponent forfeited his title and his right as owner to the parts which were installed in and affixed to the automobile itself.
Neither can there be any question as to the superior right of plaintiff under his vendor’s lien and chattel mortgage as against the claims of intervenor and third opponent. The question is analogous to that which has been many times considered by our courts with reference to the definition of immovables by destination as illustrated in LSA-Civil Code, Articles 468, 469. The principle was clearly enunciated in the oft-cited case of In re Receivership of Augusta Sugar Company, Ltd., 134 La. 971, 64 So. 870, 872:
“Where the things sold are mere materials for the construction or repair * * * of machinery, these materials when put * * * into the repaired machinery lose their identity and become merely a part of the * * * repaired machinery. In such case the vendor’s privilege is lost; but out of its ashes springs another privilege, that of the furnisher of materials, which rests upon the structure as a whole * * *. Swoop v. St. Martin, 110 La. 237, 34 So. 426.”
Unquestionably, third opponent is entitled to the statutory repairman’s privilege on the automobile, LSA-R.S. 9:4501 et seq., but inasmuch as this privilege is specifically subordinated to a vendor’s privilege or a chattel mortgage, LSA-R.S. 9:4501, it can have no effect as against plaintiff’s rights in the instant case.
Before this court counsel for inter-venor-third opponent has asserted an objection to the allowance of damages in *395 favor of plaintiff. Inasmuch as these damages, and the amount thereof, were specifically fixed and agreed to by the stipulation above noted, it follows that appellant is precluded thereby from contesting such allowance.
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff to the sum of $200, and, as amended, it is affirmed at appellant’s cost.