280 So.2d 629 (1973)
PARISH OF JEFFERSON
v.
EKCO-GLACOa Division of Ekco Products, Inc.
No. 5591.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
Trombatore & Vondenstein, Michael J. Power, Kenner, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Graham Stafford and Thomas W. Tucker, New Orleans, for defendant-appellee.
Before SAMUEL, BAILES, and FLEMING, JJ.
BAILES, Judge.
The issue involved in this appeal is whether the Parish of Jefferson can legally *630 collect a sales tax on the sale of services performed within the Parish of Jefferson on tangible movable property received from and returned to a customer outside the Parish.
The Parish of Jefferson, through the sheriff and ex officio tax collector, has sought to collect the legally authorized and imposed sales tax for the years 1969, 1970, 1971 and the first four months of 1972.
There is no attack made by the defendant herein on the legal authority of the Parish of Jefferson to impose[1] and collect[2] a sales tax. The defense urged is that no sales tax is due on the service performed by the defendant on the tangible personal property of its customers.
This fact stipulation was entered into between plaintiff and defendant:
"Plaintiff, Parish of Jefferson and defendant, Ekco-GlacoA Division of Ekco Products, Inc., both through their counsel of record, make the following stipulation as to the facts involved in the litigation of this matter:
"Ekco-GlacoA Division of Ekco Products, Inc., is a foreign corporation, domiciled in Wheeling, Illinois, licensed to do business in this state and has its principal Louisiana business establishment in the Parish of Jefferson, State of Louisiana. At its business establishment in the Parish of Jefferson, Ekco-Glaco is in the business of straightening, repairing and glazing various types of baking pans and sheets for various baking businesses. The defendant company picks up the baking pans and sheets to be straightened, repaired and glazed, from its customers in Louisiana and other states. The actual service of straightening, repairing and glazing the baking pans and sheets in question takes place wholly within the Parish of Jefferson, State of Louisiana. After the items in question are straightened, repaired and glazed, in the Parish of Jefferson by the defendant company, they are then delivered back to the customers bakeries by the defendant company. Most of the defendant company's customers are not located in the Parish of Jefferson." (End of stipulation)
LSA-R.S. 33:2737.1, subd. C provides, inter alia:
"The sales taxes so levied shall be imposed by ordinances of the Jefferson Parish * * * governing authorities * * *, and shall be levied upon the sale at retail, the use, the lease or rental, the consumption of tangible personal property and on sales of services * * *, all so presently defined in R.S. 47:301 through 47:317. * * *."
LSA-R.S. 47:301. Definitions, states:
"As used in this chapter, the following words, terms and phrases have the meaning ascribed to them in this Section, except when the context clearly indicates a different meaning:
"* * *
"(14) `Sales of services' means and includes the following:
"* * *
"(g) the furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment."
The Jefferson Parish governing authority, the Parish Council, enacted Ordinance No. 2587, Codified as Chapter 16, and under Section 16-2 Definitions, defined (n) Sales of Services as meaning and including the following:
"* * *
"(7) The furnishing of repairs to personal tangible property, including by way *631 of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment."
And under Sec. 16-7, Imposition of tax, the ordinance levied a tax at the rate of one percent (1%) of the gross proceeds derived from the sale of services as defined in Section 16-2.
A plain application of the above-set-forth statute and Jefferson Parish ordinance to the stipulated facts leaves no doubt that it was the intention of the enacting authorities, both the State and Parish, to levy the prescribed tax on the work (service) performed by defendant in the straightening, repairing and glazing various types of baking pans and sheets of its customers received from and returned to customers in Louisiana and other states.
As both LSA-R.S. 47:301(14)(g) and Jefferson Parish Ordinance 2587 [Codified as 16-2(7)] expressly defined the sale of services, inter alia, as the furnishing of repairs to personal tangible property, and while the illustrations used therein do not expressly include the repair, straightening and glazing of baking pans, by definition certainly such service was intended to be included. Furthermore, the phrase "furnishing of repairs to personal tangible property" is sufficient to bring within the assessment of the tax the services of the defendant. The illustration that followed the words "furnishing of repairs to personal tangible property" was just illustrious and expressly not a limitation thereto.
The Jefferson Parish Council (the governing authority of Jefferson Parish which occupies the same relative position as the police juries in most of the other parishes of this state) by letter to Sheriff Alwynn J. Cronvich, dated February 11, 1970, stated:
"We do not consider it necessary to amend Ordinances 2587 and 7766, however, the purpose of this letter is to clarify the intent of these two ordinances relative to the imposition of the Jefferson Parish Sales Tax on the sale of services performed on tangible personal property which is imported into the Parish and then exported to an owner outside the Parish.
"Section 16-10(e) provides as follows:
`It is not the intention of this chapter to levy a tax upon articles of tangible personal property imported into this Parish, or produced or manufactured in this Parish for export; nor is it the intention of this chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this Parish, of tangible personal property after it has come to rest in this Parish and has become a part of the mass of property in this Parish.'
"The sale referred to in the first paragraph is exempt from the Sales Tax according to Section 16-10(e) and we wish to state that it is also the intention of the Council that such a sale be exempt."
This letter was signed by typing the words "Jefferson Parish Council" and was either signed or initialled by all members of the Council.
On the basis of this letter the defendant further seeks to avoid the collection of the imposed tax from its customers, arguing that the Parish is bound by this letter of exemption.
While defendant does not plead estoppel, inferentially it does rely on the effect of estoppel, and also in brief it quotes the trial court's ruling, which in part, states:
"* * * The Court feels the parish is estopped at this time from collecting these taxes because the Defendant relied upon the letter of February 11, 1970 from the Council and the information given them from various parish officials *632 that they considered these operations nontaxable."
The holding of the court in Murry v. Union Parish School Board, 185 So. 305 (La.App.1938), is apropos here. Therein the court stated:
"[1, 2] * * * the jurisprudence of this state is well settled and rightfully so that political bodies are not estopped by the unauthorized and illegal acts of their officers. School boards possess only delegated powers defined by statute and are not free to act as individuals, and it is not within the scope of their authority to ratify that which originally had no existence such as a void contract. * * *."
The Parish Council is a legislative body and any interpretation it makes of its enactments (either ordinances or resolution by this letter of February 11, 1970, is an unwarranted and unauthorized invasion of the province of the judicial authority of the courts and it does violence to the concept of separation of powers of government.
There were legal means available to the defendant to determine whether the tax was being lawfully assessed, either by paying the tax under protest or filing suit for a declaratory judgment.
The Parish Ordinance (Ordinance No. 2587) in Section 52, authorized and empowered the Sheriff of Jefferson Parish to collect the tax levied by the ordinance. He was duty and legally bound to collect whatever tax was levied by this ordinance without being bound by any letter interpretation from the Parish Council members of what tax was due or not due under the levies of the ordinance.
We hold that the letter exemption is of no effect on the defendant's liability and responsibility for the collection and remittance of the imposed sales tax.
Alternatively, defendant argues that its services to out-of-parish customers are exempt from taxation by Sections 16-10(o) (Parish Codification of Ord. No. 2587 and LSA-R.S. 33:2716), which states:
"(o) No sales tax shall be levied or collected on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of Jefferson Parish. No provisions of this paragraph shall be construed as infringing upon or limiting in any manner the right to levy and collect any use tax heretofore or hereafter authorized."
and Section 16-10(e) (LSA-R.S. 47:305 (5)] which provides:
"(e) It is not the intention of this chapter to levy a tax upon articles of tangible personal property imported into this parish, or produced or manufactured in this parish for export; nor is it the intention of this chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this parish, of tangible personal property after it has come to rest in this parish and has become a part of the mass of property in this parish."
Again, a reading of these provisions clearly shows that under the stipulation of facts, these exemptions have no application herein. The services performed by defendant are performed wholly within Jefferson Parish and the shipping in and out of the personal tangible property is merely incidental. Likewise, and for the same reason, these pans and sheets on which defendant's services were performed were not in interstate commerce.
For the foregoing reasons, the judgment appealed is reversed, and accordingly, there is judgment herein in favor of the Parish of Jefferson and against the defendant Ekco-GlacoA Division of Ekco Products, Inc., in the amount of $11,072.56, which includes statutory penalty and interest computed through April, 1972, and attorney *633 fees of $1,006.59, together with statutory interest, penalties and attorney fees from May, 1972, until paid, as provided for in Parish Ordinance No. 2587. Defendant to pay all court cost.
Reversed and rendered.
NOTES
[1] See: LSA-R.S. 33:2737.1, subd. B.
[2] Under Ord. No. 2587, Sec. 52, the Sheriff of Jefferson Parish was authorized and empowered to collect parish sales tax.