331 So.2d 882 (1976)
GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellant,
v.
Reed R. MADDEN et al., Defendants-Appellees.
No. 12876.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
Rehearing Denied May 24, 1976.
*883 Skeels, Baker & Coleman by Donald L. Baker, Shreveport, for plaintiff-appellant.
Samuel V. Prunty, Jr., Shreveport, for defendants-appellees.
Before BOLIN, MARVIN and SMITH, JJ.
En Banc. Rehearing Denied May 24, 1976.
BOLIN, Judge.
Plaintiff, General Motors Acceptance Corporation (GMAC), sued defendants, Reed Madden and Madden's Garage, Inc., in tort to recover damages of $1,797.94. Plaintiff alleged Madden had removed parts he had installed at the owner's request in a car on which plaintiff held a prior recorded chattel mortgage. The amount sought is allegedly the cost to restore the car to its condition after being repaired by Madden. The trial court found for plaintiff in the sum of $863.99. Plaintiff appeals seeking an increase in the award. We affirm.
Leroy Harris owned a 1973 Oldsmobile which was encumbered by a recorded chattel mortgage held by GMAC. In May 1974, the motor in the car became overheated causing the pistons to "freeze". After an initial inspection at the Oldsmobile dealership, the car was towed to Madden's Garage for repairs.
After examining the extent of the damage to the engine, Madden concluded that replacing the "burned out" motor was the most economical way to repair the car. By the first part of June 1974, Madden had replaced the motor and otherwise repaired the Oldsmobile for a total charge of $783.96. He retained possession of the car because Harris had not paid the bill for repairs.
Meanwhile, plaintiff alleges Harris defaulted on his note held by GMAC, with principal balance due being $3,178.48. On October 9, 1974, plaintiff obtained a writ of seizure and sale. A deputy sheriff's attempt to seize the car at Madden's garage on October 10, failed because the car was "in storage" at Madden's residence. When the deputy returned the following day the car was at the garage, but Madden had removed the replaced motor and everything that was attached thereto. He also had taken the tires and given them to his mechanic. The transmission had been disconnected and put in the trunk. Two wheels were also missing.
In due course the car sold at public auction, with benefit of appraisement, to plaintiff for $200 to satisfy the mortgage. The present tort action follows wherein GMAC contends Madden's action damaged it in the amount necessary to restore the automobile to its condition following Madden's repairs.
Relevant to the issue on appeal are the following:
Louisiana Revised Statutes 9:4501, which provides in part:
Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefor *884 are made or furnished, has a privilege upon the automobile or other machinery for the cost of repairs made, parts made or furnished, and labor performed. . . .
* * * * * *
This privilege may be enforced by the writ of sequestration, without the repairman having to furnish security therefor. This privilege has no effect against a vendor's privilege, a chattel mortgage previously recorded, . . .
Louisiana Civil Code Article 3217(2); The debts which are privileged on certain movables, are the following:
* * * * * *
2. The debt of a workman or artisan for the price of his labor, on the movable which he has repaired or made, if the thing continues still in his possession.
From the foregoing provisions it is clear Madden had a lien and privilege against the Harris automobile for the amount due him for labor and materials in repairing the car, but this privilege was inferior to the prior recorded chattel mortgage held by GMAC.
Madden's privilege existed against the "movable" (C.C. Art. 3217) or "automobile" (R.S. 9:4501). Once Madden affixed or installed parts on or in the Harris vehicle, these parts became an integral part of that automobile. Roberts v. Williams, 99 So.2d 392 (La.App.2d Cir. 1957).
While Madden's remedy might have been an empty one, he was bound to utilize legal machinery in seizing the automobile and asserting his privilege. This he did not do but chose instead to dismantle and remove parts of the repaired vehicle.
Since Madden's actions were tortious, this appeal resolves itself into an issue of quantum of damages.
In his written reasons for judgment the trial judge outlined the nature of the case, commented upon most of the evidence and, among other things, stated:
"The Court believes that at the time the Sheriff came for the seizure that the dismantling of the vehicle did damage in the amount of the contract price [for repairs] between defendant and the original owner in the amount of $783.99, plus removal of two tires which were estimated to be valued at approximately $80.00, or a total of $863.99. This is the amount for which the Court feels that the defendant is liable."
The trial judge is vested with "much discretion" in assessing the damages in this type case. Civil Code Article 1934(3); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and its progeny. We have carefully reviewed the entire record and find no abuse of discretion by the trial judge.
The judgment is affirmed at appellant's cost.