ROGERS, Judge.
Intervenor, Magnifique Volkswagen, Inc., appeals the summary judgment of the district court, dismissing the intervention of Magnifique Volkswagen, Inc. insofar as it seeks to dissolve the contract allegedly entered into between intervenor and the defendant, Ronnie Hoggins, for failure of Hoggins to pay the agreed upon contract. The judgment also reserves to the interve-nor any rights that he may have by virtue of privilege for work performed on the Volkswagen vehicle in question. The trial judge also denied the motion for summary judgment filed by intervenor.
The facts are uncontroverted. Ronnie Hoggins owned a 1973 Volkswagen which he mortgaged to plaintiff, Guaranty Bank and Trust Company on July 11, 1975, for $2,372.40.
In May of 1976, defendant brought the Volkswagen to intervenor to purchase an engine and have it installed. Intervenor sold defendant an engine and installed it in defendant’s Volkswagen for the price of $500.19.
*920 Defendant did not pay intervenor for the engine and its installation, so intervenor retained physical possession of the vehicle until the same was seized under a writ of sequestration as a result óf a suit filed by plaintiff on October 4, 1976 against defendant.
On October 20, 1976, Magnifique Volkswagen, Inc. intervened seeking a judicial dissolution of the sale of the engine for failure to pay the purchase price.
We believe that the issue here is whether or not the intervenor has a superior right to dissolve the sale for the non-payment of the purchase price over the right of the plaintiff who is mortgagee of the chattel mortgage on the vehicle, executed by defendant prior to the installation of the engine in defendant’s vehicle by intervenor.
The intervenor urges it has a right of dissolution of the sale, and the right to a return of the engine under the provision of Louisiana LSA-C.C. Article 2561, which reads in pertinent part:
“If the buyer does not pay the price the seller may sue for the dissolution of the sale.”
We agree with the intervenor that the Civil Code under Article 2561 provides for a remedy for the dissolution of a sale for the non-payment of the price, however, the right in this instance is not available to him because of the right of accession granted plaintiff under Louisiana C.C. Article 498.[1]
Plaintiff argues that the installation of the engine in the vehicle would be subject to the rule of accession because, once installed, it would lose its separate identity, and become part of the movable itself.
In Roberts v. Williams, 99 So.2d 392 (La.App. 2nd Cir. 1957), the holder of a vendor’s lien and chattel mortgage prayed for and procured the issuance of an order of execu-tory process under which the mortgaged automobile was seized by the sheriff. On the date of the seizure, the automobile was in the possession of the intervenor who had installed universal joints and gears, fixed to the automobile by the use of nuts and bolts, subsequent to the date of the note and chattel mortgage. The intervenor brought suit to enjoin the plaintiff’s seizure and sale of the mortgaged vehicle on the basis that it had not been paid for, the parts and labor, and that it was the owner and had retained possession of the joints, gears, nuts, bolts, et cetera. The court held that under Articles 498 and 522 of the Civil Code, the intervenor, by installing the parts in and affixing them to the mortgaged automobile forfeited its title and right as owner of those parts, and that the parts which had become attached to the automobile became a part of the automobile by virtue of the right of “accession”.
Similarly, in General Motors Acceptance Corporation v. Madden, 331 So.2d 882 (La.App. 2nd Cir. 1976), the defendant was an automobile repairman. The automobile had a prior recorded chattel mortgage. Repairs were necessary, and the defendant replaced the engine in the automobile. Subsequently, the plaintiff (holder of the prior recorded chattel mortgage) obtained a judgment due to the default of the debtor, and had the sheriff attempt to seize the automobile, which was at the defendant’s garage. Inasmuch as the defendant had not been paid, he removed the engine and other parts which he had placed into the automobile before allowing it to be taken from his possession. An action was brought by the plaintiff in tort to recover damages against the defendant. The Court stated that:
“Once Madden [the defendant] affixed or installed parts [the engine] on or in the Harris vehicle, these parts became an integral part of that automobile.”
As such, they lost their individual existence, and relegated the defendant to a lien and privilege against the automobile. This privilege, of course, was inferior to the pri- or recorded chattel mortgage. The Court ruled that the defendant’s actions were tor- *921 tious because the parts had become integrated with and a part of the automobile, and no longer belonged to the defendant, regardless of whether or not the price was paid.
In a similar situation, in McVay v. McVay, 318 So.2d 660 (La.App. 3rd Cir. 1975), the Court held that the mere installation of tires onto an automobile made them become an integral part of the automobile, and they lost their individual flavor as separate parts of the automobile.
We agree with plaintiff that under the authorities cited supra, the interve-nor has lost his right to dissolve the sale of the engine because of accession. The action for dissolution of the sale can be maintained only if the object itself, and in this case the engine, remained a separate entity. Since the engine cannot be regarded a separate entity, the parties cannot be returned to their original position. However, holding to this belief, we further assert that interve-nor’s remedy is that of a lien or repairman’s privilege which is inferior to the chattel mortgage previously executed. (The record discloses that the vehicle was sold at sheriff’s sale.)
In the event plaintiff’s claim was fully satisfied as a result of the sheriff’s sale of the vehicle, then intervenor will be entitled to the balance of the sale price, if any, limited to that amount of its proven claim under LSA-C.C.P. Article 2373.[2]
For the reasons assigned, this court affirms the judgment of the trial court and casts costs of the trial court to defendant and costs of this appeal to intervenor.
AFFIRMED.

. LSA-C.C. Article 498.
“The ownership of a thing, whether it be movable or immovable, carries with it the right to all that the thing produces, and to all that becomes united to it, either naturally or artificially.”
“This is called the right of accession."

. LSA-C.C.P. Article 2373 — Distribution of proceeds of sale.
After deducting the costs, the sheriff shall first pay the amount due the seizing creditor, then the inferior mortgages, liens, and privileges on the property sold, and shall pay to the debtor whatever surplus may remain.