ARMSTRONG, Judge.
The Department of Revenue and Taxation appeals the trial court’s judgment affirming the ruling by the Board of Tax Appeals refunding sales tax paid under protest by taxpayer, Associated Hospital Services, Inc. We affirm the trial court’s judgment.
Associated Hospital Services, Inc., “Associated”, a Louisiana non-profit corporation, was organized in 1969. Its stated purpose is to “furnish centralized hospital services for all participating institutions” and “in connection therewith ... (to) own and operate a central laundry plant and to do and perform all and every kind of laundry work and service ... for the sale and exclusive use of any member hospital or *449 hospitals.” The operation of Associated includes picking up, laundering and redelivery to each of the members and no others, of their soiled linens and also replacing of linens when they wear out.
At the time of its organization Associated was wholly owned by Methodist Hospital, Sara Mayo Hospital, Flint-Goodrich Hospital and East Jefferson Hospital; all of which are non-profit institutions. Each original member entered into a contract for 20 years to have all laundry processed at a new plant built in 1971, and each original member bore its pro rata share of total operating costs, including the mortgage payments, based on annual projected operating costs budgets. On December 15, 1984, Associated’s articles of incorporation were amended to create a second class of associate membership, limited to non-profit institutions, entitled only to the benefit of Associated’s services. As of the present time, Associated’s participating members are: East Jefferson Hospital, West Jefferson Hospital, Methodist Hospital, Mercy Hospital, Hotel Dieu and Tulane University Medical Center and Clinic.
In 1971, Associated asked the Attorney General of Louisiana to render an opinion as to whether Associated would be exempt from paying sales taxes. The Attorney General concluded that as a matter of “interpretation”, although there was no specific exemption from sales tax provided for their particular situation, the taxpayer’s plant was nothing more than an extension of the hospitals which own it, and also because there were no actual “sales of services”, there was no taxable act upon which to base a tax.
The Department of Revenue and Taxation for the period of January 1, 1984 through April 30, 1987, assessed Louisiana General Sales Tax on costs and expenses which constituted sales of taxable laundry services.
Associated filed a protest and claim for refund and the Board of Tax Appeals ruled in favor of Associated. The Department of Revenue and Taxation filed a Petition to Review the decision of the Board of Tax Appeals. On October 20, 1989, the trial court rendered judgment in favor of Associated affirming the Board of Tax Appeal's decision.
The Department of Revenue and Taxation cites Cajun Electric Power Co-op, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.), writ denied, 458 So.2d 123 (1984) and McNamara v. Stauffer Chemical Co., 506 So.2d 1252 (La.App. 1st Cir.), writ denied, 512 So.2d 454, 455 (1987) to support its argument that Associated is not entitled to a tax exemption. Associated does not argue that it is entitled to a tax exemption; only that there is no sales tax liability generated because Associated is an alter ego of the six members involved.
Cajun Electric is clearly distinguishable from the instant case. In April of 1971, Gulf States Utilities Company (GSU) and S & W entered into a contract for the construction of River Bend Nuclear Power Plant. Eight years later, GSU and Cajun, while construction was still underway, entered into a contract where Cajun would become 30% co-owner of River Bend. They executed a “Joint Ownership Participation and Operating Agreement” which provided that the parties in no way intended to “create, or by their actions as co-owners any joint venture, partnership, association or trust, or render the co-owners liable as partners or trustees.” The court held that Cajun and GSU had entered into a joint venture whereby Cajun’s original identity was changed, and it was not exempt from taxes in its new role. The court stated when the cooperative changes its identity or assumes a new role, it can no longer claim a tax exemption.
This is not an instance where a tax exempt organization existed to begin with. Associated is a unique institution. It is one of a kind in Louisiana and there may be as few as seventy co-op laundries in the whole United States. When Associated sought the Attorney General’s opinion on whether its operations would generate a sales tax liability it was undoubtedly because Associated’s situation was novel.
In testimony before the Board of Tax Appeals, Associated’s General Manager explained how Associated operates. It has a *450 board of directors consisting of the administrator or a representative of the member hospitals and a lay person on their board. Every December each hospital submits an estimate of the pounds of laundry to be cleaned. Associated makes an assessment for each hospital and each hospital contributes proportionate to its benefit. Its facility was financed wholly through New York Life Insurance Company with a donation from Hill Burton, a federal grant. Participating members are also assessed costs for the mortgage on the facility and its equipment.
In Stauffer the issue of contention was whether an aspect of Stauffer Chemical Company’s business, the regeneration of sulfuric acid, was a taxable service. The trial court found that Stauffer was restoring the sulfuric acid which constituted a repair, a taxable service under the code. The facts in Stauffer have little in common with the case at bar.
In Stauffer the transaction between the parties was between two separate entities unlike the instant case where Associated acts solely for its members. Associated describes itself as a conduit whereby its members are doing their own laundry at a central location and are paying their pro-rata shares of the cost of operations. We agree with the trial court, under these circumstances, the transactions between Associated and its member hospitals do not constitute “sales of services” on which a sales tax can be assessed.
In its second assignment of error the Department asserts that the trial court relied on the Attorney General’s opinion of 1971 in granting judgment for Associated. This assignment lacks all merit. The trial court never ruled that the Department was bound by the Attorney General’s opinion. The Department’s argument regarding separation of powers and its reliance on Parish of Jefferson v. Ekco-Glaco, 280 So.2d 629 (La.App. 1st Cir.1973) is totally misplaced. In its reasons for judgment the trial court distinctly states that it made no findings independent of the Board of Tax Appeals. It conceded that its role was to act as an appellate court and held that in view of the reliable, probative and substantial evidence on the record that there was no manifest error in the Board of Tax Appeals decision.
Associated would have us construe the Department’s tacit adoption of the 1971 Attorney General’s opinion as an administrative rule under La.R.S. 49:951(6). Administrative rules may only be amended or repealed by following the procedures set forth in the Administrative Procedure Act. Associated argues that the Department of Revenue failed to follow these procedures in its attempt to retroactively assess taxes in contravention of the Attorney General’s opinion. There is no precedent for Associated’s argument and it is a broad reading of the statute which only refers to state agencies. It is sufficient to say that in the manner in which it functions Associated generates no sales tax liability.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.