677 So.2d 610 (1996)
CLYDE JUNEAU COMPANY, INC., Plaintiff-Appellee,
v.
CADDO-SHREVEPORT SALES AND USE TAX COMMISSION, Defendant-Appellant.
No. 28433-CA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
Richard G. Barham, Shreveport, for Appellant.
Robert M. Davis, III, Shreveport, for Appellee.
Before SEXTON, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
Defendant, Caddo-Shreveport Sales and Use Tax Commission ("Commission"), appeals the trial court judgment ordering it to refund $921.35 in taxes and penalties paid under protest by the plaintiff, Clyde Juneau Company, Inc. ("Juneau"). For the reasons herein expressed, we affirm the trial court's judgment.

FACTS
Juneau, a licensed air conditioning and heating contractor, sells, services, repairs and installs air conditioning and heating equipment. Following a 1993 Commission audit for the three previous years, the Commission assessed Juneau $957.39 for tax, penalty and interest for January 1, 1990, through December 31, 1992. The tax was assessed on parts used in the repair and installation of heating and cooling devices for which Juneau sent its customers itemized bills. However, the Commission did not assess a tax on parts used in jobs for which Juneau sent its customers lump sum bills.[1] Juneau made the *611 payment under protest and then filed suit against the Commission to recover the amount of the protested payment.
In a joint trial stipulation, the parties agreed that Juneau properly paid $957.39 under protest to the Commission. Due to a $20.00 use tax Juneau owed and a $16.04 credit the Commission owed to Juneau, the stipulated disputed amount is $921.35 which includes sales tax, penalties and interest paid under protest plus any accrued legal interest. The amount of the penalty is $154.10. The parties further stipulated that Juneau gave proper notice of protest to the Commission and filed this lawsuit within the time allowed by law. Finally, the parties agreed that the law classifies a central air-conditioning unit to be a component part of immovable property, and therefore, the unit itself is considered immovable property.
After hearing testimony and argument, the trial court concluded that the sale occurred when the part, the tangible personal property, was installed and working in the immovable heating or cooling system. At the time, the part was no longer tangible personal property, but was a component part of an immovable. LSA-C.C. Art. 466. Therefore, the parts used by Juneau were not taxable. After judgment was entered in favor of the plaintiff, this appeal followed.

DISCUSSION
Relying on the Combined Ordinances of the City of Shreveport and the Caddo Parish School Board, the Commission contends that Juneau owes a sales tax for the sale of tangible personal property, air conditioner or heater parts used in repair services, for which Juneau charged the customer more than it paid for the parts. However, the Commission only collected this tax on parts listed on itemized invoices Juneau sent its customers, and not on parts used in jobs for which Juneau sent lump sum invoices. The Commission asserts that it developed the practice of collecting sales tax only on parts listed on itemized bills of "necessity" since, as a practical matter, it cannot determine the amount Juneau charged for parts from a perusal of the lump sum invoices.
As the basis for its contention that Juneau owes sales tax, the Commission apparently argues that air conditioner parts are tangible personal property when a contractor uses them to fulfill a repair or service contract, even though the contractor uses the parts in repairing or servicing immovables. Further, if the contractor charges the customer more for the part than he paid for it, then the contractor has made a sale that is subject to sales tax under the combined ordinances. Juneau argues that although it marks up the parts on the customer's final bill, there is no sale of these parts because they are consumed in repair work which is not taxable. Further, if these parts can be considered sold under the meaning of the Combined Ordinances, their sale does not occur until they become component parts of an immovable air-conditioning unit. Thus, at the moment of sale, the parts are no longer tangible personal property, and are therefore not taxable under the Combined Ordinances. After a thorough review of this record, we hold that the markup on air conditioner parts used in repair work is not taxable.
Sec. 1.20 of the Combined Ordinances defines "tangible personal property" as personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses, exclusive of stocks, bonds, notes, or other obligations or securities. Sec. 2.01 of the Combined Ordinances provides that the City of Shreveport and the Caddo Parish School Board shall levy a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services, which include repairs to tangible personal property. "Sale" is defined in part in Sec. 1.17 of the Combined Ordinances as the transfer of title or possession of tangible personal property for a consideration.[2] Terry *612 McCormick, supervisor of audits and collections for the Commission, testified at trial that the repair of an immovable is not taxable under the above-mentioned ordinances.
LSA-C.C. Art. 466 states:
Things permanently attached to a building or other construction, such as plumbing, heating, cooling, electrical or other installations, are its component parts.
Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached.
The traditional view of contractors under Louisiana law was stated in State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77, 78-79 (1934):
A contractor who buys building materials is not one who buys and sellsa trader. He is not a "dealer," or one who habitually and constantly, as a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber.
His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. The contractor has not resold but has consumed the materials.
Clyde Juneau and Mike Fitzgerald of Fitzgerald Contractors[3] both testified that a sale to their customers is not complete until parts used for a repair job are installed and working. Additionally, Harry Cutlip, maintenance supervisor of the Oil Building and a regular customer of the services provided by heating and cooling contractors, testified that he does not accept the parts used in repairs until they are completely installed and working. In other words, the parts are of no use to a customer without the service provided by the contractor, and the service provided cannot be completed without the parts. Further, a sale is not complete until the parts used for repair become component parts of an immovable. Under the Combined Ordinances, only the sale of and repairs to tangible personal property are taxable, not the sale of and repairs to immovables. Therefore, there is no sales tax due on the markup of parts listed on Juneau's itemized bills. The trial court's decision was correct.
The Commission seeks to distinguish the present case from Kearny by stating that Juneau does not undertake to construct something for a fixed price. However, the Kearny definition of a contractor does not contain the term "fixed price." The Commission's view is that a contractor cannot consume parts and at the same time make a profit from the parts when using them to repair an immovable. Kearny does not so state, nor has the Commission presented any cases to support its view. Further, the Commission's view is belied by its contention that lump sum invoices are not taxable, apparently because Commission personnel cannot determine whether a contractor made a profit on the parts used.
The profit on parts used to repair immovables either is or is not taxable regardless of the type of invoice used. However, the Commission relies on issues of the Sales Tax Newsletter, Oct. 1978 and Louisiana Tax Topics, April 1992 and April 1994, all of which describe the difference between lump sum billing for which no taxes are due and itemized billing. The 1994 publication states *613 that sales tax is not due on parts when lump sum bills are sent because the contractor makes no separate charge for parts, but that if a bill itemizes taxes and labor, the contractor must calculate and collect taxes on the total charged for labor. These articles do not support the Commission's position of taxing the markup on parts, since the articles advocate taxing the total amount charged for parts. Further, these articles do not comport with the proposition expounded in Kearny, supra that the contractor is not selling parts at all, but consuming them in the repairs he makes.
The Commission cites Traigle v. PPG Industries, Inc., 332 So.2d 777 (La. 1976) to give weight to the interpretation of state tax laws found in the foregoing publications, since the case states that a tax collector's reasonable interpretation may be presumed to be in accord with legislative intent where there has been a lack of legislative amendment for a long period of time. However, tax statutes are to be interpreted liberally in favor of the taxpayer, and if the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer shall be adopted. Tarver v. E.I. DuPont de Nemours and Co., 616 So.2d 216 (La.App. 5th Cir.1993), affirmed, 93-1005 (La. 3/24/95); 634 So.2d 356. Clearly, the interpretation expounded by the foregoing articles is not the interpretation less onerous to the taxpayer.
The present case is analogous to the view of contractors stated in Kearny. The repair parts Juneau uses become integral parts of the air conditioning and heating units since Juneau must properly install the parts for the units to work. Further, according to the testimony presented at trial, any transfer of title to or possession of the parts used in the repairs occurs only after the parts have become component parts of an immovable. Therefore, since the contractor is consuming the parts, and since title to or possession of the parts occurs only after they have become component parts of immovables, no sales tax on the markup of parts listed on itemized invoices is due under the Combined Ordinances. The trial court's judgment ordering the Commission to refund the protested sales taxes and penalties to Juneau is correct.

CONCLUSION
The judgment of the trial court ordering the Caddo-Shreveport Sales and Use Tax Commission to refund $921.35 in taxes and penalties to Clyde Juneau Company, Inc. is affirmed. Costs of this appeal are assessed against the Commission to the extent allowable by law.
AFFIRMED.
NOTES
[1] It is undisputed that Juneau paid sales tax on the parts when it purchased them from its supplier. The Commission taxed the difference between what Juneau paid its supplier for the parts and what Juneau charged its customers for the parts.
[2] The full definition of "sale" other than "sales of services" is found in Sec. 1.17 of the Combined Ordinances:

"Sale" shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, an the furnishing, preparing or serving for a consideration any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.
[3] Fitzgerald Contractors is also in the business of selling, servicing, repairing, and installing air conditioning and heating units.