I ¡.GUIDRY, J.
The plaintiff, WYESCO of Louisiana, L.L.C. (WYESCO), appeals a judgment of the trial court denying its motion for summary judgment and granting the motion for summary judgment in favor of the defendant, the East Feliciana Parish School Board (EFPSB), affirming the sales tax imposed by the EFPSB sales and use tax ordinances and declaring that the taxation of repairs made by WYESCO to property brought into the parish and subsequently sent from the parish is a tax on intrastate commerce; and therefore, does not offend the proscription against taxation of articles which are in interstate commerce.
Facts and Procedural Background
The parties agree there are no genuine issues of material fact; the essential facts are undisputed. WYESCO is engaged in the business of furnishing repairs to equipment utilized in the pulp and paper industry, “principally chip feed equipment, thick stock pumps and other large rotating equipment” at its facility located in East Feliciana Parish. Approximately 90% of the equipment repaired by WYESCO is shipped to the East Feliciana facility from out-of-state locations. WYESCO provides both the labor and materials to complete the repairs, which typically takes two to three weeks, at which time, the equipment is returned to its out-of-state point of origination.
The issue before us is purely a legal question, to wit: whether the furnishing of repairs by WYESCO at its East Feliciana Parish place of business to pieces of equipment owned by its out-of-state customers and shipped from customers’ out-of-state locations into East Feliciana Parish for repair and return is subject to the 2% school board sales tax, or whether such activity constitutes bona fide interstate commerce and is thereby excluded from local sales tax by the Commerce Clause of the U.S. Constitution, Article I, § 8, cl. 3.
_JjThe EFPSB has adopted two ordinances, pursuant to constitutional and statutory authority, which levy an aggregate sales tax of two percent within the parish, and has assessed said tax on WYESCO’s repair transactions. WYESO, at all relevant times, has collected the sales tax imposed by the EFPSB on all repairs performed, and has remitted said tax, some under protest, to the EFPSB. WYESCO brought this action seeking a declaratory judgment that those repair services performed for out-of-state customers are in “bona fide interstate commerce” and exempt from taxation by the school board.[2]
The parties filed cross motions for summary judgment, each asserting it is entitled to judgment as a matter of law. After a hearing on both motions, the trial court denied WYESCO’s motion and granted EFPSB’s motion declaring that the tax imposed on WYESCO’s repair services is a tax on intrastate (rather than interstate) *403 commerce and, thus, not excluded from the sales and use tax ordinances. WYESCO has appealed, urging as its sole assignment of error that the trial court erred in finding that the repair service provided by WYESCO at its East Feliciana facility constitutes intrastate, rather than interstate, commerce.
Applicable Law and Analysis
The EFPSB’s authority to levy taxes is granted by Article VI, Section 29 of the Louisiana Constitution, which grants to governmental subdivisions and school boards the authority to “levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law.” (emphasis added). Article VI, Section 30 grants a political subdivision “the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal, and other local purposes, Lstrictly public in their nature.” Louisiana Revised Statute 33:2721, authorizing the tax levy at issue in the instant matter, provides as follows:
The respective governing bodies of the parishes of ... East Feliciana ... are hereby authorized to levy and collect within each such parish a tax of not exceeding one percent upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the sale of services, as presently defined in [La.] R.S. 47:301 through 47:317, inclusive. Except where inapplicable, the procedure established by [La.] R.S. 47:301 through 47:317, inclusive, shall be followed in the imposition, collection and enforcement of any tax so imposed thereunder ....
Louisiana Revised Statute 47:302(C) and Section 2.302(C) of the EFPSB Ordinance levy the foregoing authorized tax. La. R.S. 47:301(14)(g)(i) defines the sales of services as the “furnishing of repairs to tangible personal property.” EFPSB Ordinance Section 1.301(14)(g) provides that the term “sales of services” means the “furnishing of repairs to tangible personal property, including but not restricted to the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, ....”
Although there is no longer a United States constitutional prohibition to the taxation of interstate commerce (see Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977)), Louisiana remains precluded from doing so by La. R.S. 47:305 E, which provides a clear statutory prohibition of tax on interstate commerce. Tigator, Inc. v. Police Jury of West Baton Rouge Parish, 94-1771, p. 9 (La.App. 1 Cir. 5/5/95), 657 So.2d 221, 227-28, writs denied, 95-2126, 95-2172 (La.11/17/95), 663 So.2d 712. Louisiana Revised Statute 47:305 E addresses exclusions and exemptions from the tax as follows:
(1) It is not the intention of this Chapter to levy a tax upon articles of property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce; ... It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state
[[Image here]]
*404 _J¿(Emphasis added.)[3] Section 5.305(5) of the EFPSB Ordinance tracks the language of 407(E), interchanging the word “parish” for “state.” The foregoing provisions prohibiting a tax on interstate commerce have been determined to be exclusions from the tax, which should be construed liberally in favor of the taxpayers and against the taxing authority. See Tarver v. World Ship Supply, Inc., 615 So.2d 423 (La.App. 4th Cir.), writ denied, 616 So.2d 672 (La.1993).
WYESCO’s appeal raises the following issues: (1) whether the repair services provided by WYESCO under the circumstances of this case constitute bona fide interstate commerce; (2) whether the equipment repaired by WYESCO has “come to rest and become a part of the mass of the property in this state”; and (3) whether EFPSB Ordinance § 5.305(5) authorizes the imposition of the sales tax on sales of services in interstate commerce.
In support of their cross motions for summary judgment, EFPSB and WYES-CO offered a copy of the stipulated facts, establishing there is no genuine issue as to material fact. EFPSB also submitted the Amended and Reenacted School Board Sales and Use Tax Ordinance imposing the 2% sales and use tax assessed against WYESCO. The trial court granted the summary judgment in favor of EFPSB stating, without reasons, “Court will find that the taxation of repairs made to property brought into this parish and subsequently sent from this parish is a tax ... on intrastate commerce and therefore does not offend the prescription against taxation of ... items, which are in interstate commerce.” (emphasis added).
We must first determine if the sales by WYESCO of the repair services provided on the equipment are in interstate commerce. If they are not in interstate commerce, and are levied pursuant to proper authority, the inquiry ends. It is only | fiif they are deemed to be in interstate commerce that the issue of the prohibition against taxation and the relevant exceptions become applicable herein.
A clear reading of the above-set-forth state statute (La. R.S. 47:302(C)) and East Feliciana Parish School Board Ordinance (Section 2.302(C)) leaves no doubt that it was the intention of the enacting authorities, both the State and the Parish, to levy the prescribed tax on the repairs services performed by WYESCO at its East Feliciana facility. Both authorities define the sales of services as the furnishing of repairs to tangible personal property. Thus, by definition, the repair services provided by WYESCO are expressly intended to be included in the tax.
We agree with the parish that WYES-CO’s arguments incorrectly focus on the nature of the property involved (i.e., the equipment itself) rather than the transaction of repairs. Although the equipment may arrive from another state, and even be shipped out to another state, the transaction subject to the tax, the repair service itself, is performed solely within East Feli-ciana Parish at WYESCO’s facility. Whatever happens to the equipment prior to and after the repairs is irrelevant to the local taxability of the repair service. The clear and unambiguous language of the statute and ordinance support the trial court’s conclusion that the repair services are intrastate service.
Thus, the prohibition against taxation of interstate commerce, together with the exceptions thereto, as provided by La. R.S. *405 47:305 E and ordinance section 5.305(5) are simply inapplicable, and we need not determine whether the equipment itself comes to rest in, or becomes a part of the mass of property in this state. Notably, the sales of services is conspicuously absent from the categories of property which may be exempt from the prohibition against interstate commerce. The exclusion of sales of service from this listing of otherwise taxable property in La. R.S. 47:305 E and section 5.305(5) further supports the conclusion that the |7sales of repairs services are considered by their nature to be intrastate, and not interstate commerce.
The providing of repair services by WYESCO is performed wholly within East Feliciana Parish; the shipping in and out of the personal tangible property to which the repairs are rendered is merely incidental to the repairs. See Jefferson Parish v. Ekco-Glaco, 280 So.2d 629 (La.App. 4 Cir.1973). Thus, the equipment on which WYESCO performs its repairs is not in interstate commerce; the exclusions to the prohibition against taxation thereon are, therefore, inapplicable. The law is clear, and for the foregoing reasons, we conclude the trial court was imminently correct as a matter of law in granting the summary judgment in favor of EFPSB, approving the tax levied against WYESCO on repair services performed at its East Feliciana Parish facility.
For the foregoing reasons, the judgment of the trial court is affirmed; all costs of this appeal are assessed to WYESCO.
AFFIRMED.

. Initially, WYESCO asserted a claim seeking a refund of all the sums remitted under protest; however, in an amended petition, it dismissed its claim for a refund.

. We note the absence of the "sales of services” in the list of areas where taxation is intended.